UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

In re:

Josette M. Garrett,
Debtor,
Readus D. Garrett,
Joint Debtor.

Chapter 13

Case No. 17-21500-ABA

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

I, __Tyler Crawford__, declare under penalty of perjury as follows:

1. I am employed as a __Contract Management Coordinator__ of PHH Mortgage Corporation and am authorized to sign this Affidavit on behalf of PHH Mortgage Corporation (the "Movant"). This Affidavit is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2. I make this affirmation based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of PHH Mortgage Corporation. As part of my job responsibilities for PHH Mortgage Corporation, I have personal knowledge of and am familiar with the types of records maintained by PHH Mortgage Corporation in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records., I have access to and have reviewed the books, records and files of PHH Mortgage Corporation that pertain to the Loan and extension of credit given to Debtors concerning the property securing such Loan.

3. The information in this affidavit is taken from PHH Mortgage Corporation's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by person with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of PHH Mortgage Corporation's regularly conducted business activities; and (c) it is the regular practice of PHH Mortgage Corporation to make such records.

4. Josette M Garrett and Readus D Garrett have executed and delivered or are otherwise obligated with respect to that certain promissory note referenced in the Motion (the "Note"). Josette M Garrett and Readus D Garrett have executed and delivered or are otherwise obligated with respect to that certain Mortgage referenced in the Motion (the "Mortgage"). Pursuant to that certain Mortgage referenced in the Motion, all obligations

of the Borrower(s) under and with respect to the Note and the Mortgage are secured by the property referenced in the Motion.

5. As of January 21, 2020, there are one or more defaults in paying Debtors post-petition amounts due with respect to the Note.

6. As of January 21, 2020, the total unpaid principal balance is $382,193.43 which includes the unpaid principal balance of $279,854.95 and deferred principal balance of $102,338.48.

7. The monthly post-petition payment amount is $2,389.12. The following chart sets forth those post-petition payments, due pursuant to the terms of the Note, that have been missed by the Debtors as of January 21, 2020:

| Number of Missed Payments | From: | To: | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 5 | 9/1/2019 | 1/1/2020 | $1,238.71 | $1,150.41 | $2,389.12 | $11,945.60 |
| | | | | Less post-petition partial payments (suspense balance): | | ($1,433.34) |
| | | | | | **Total:** | $10,512.26 |

8. As of January 21, 2020, the total post-petition arrearage/delinquency is $11,162.26 consisting of (i) the foregoing total of missed post-petition payment in the amount of $10,512.26 plus (ii) the following post-petition fees:

| Description | Amount: |
|---|---|
| Proof of Claim | $400.00 |
| Payment History Review Fee | $250.00 |

9. Attached hereto as **Exhibit 1** is a post-petition payment history.

10. As of January 21, 2020, the debtor is in default for failure to make timely post-petition payments in the amount of $10,512.26.

11. The pre-petition arrearage is $30,119.07 pursuant to the Proof of Claim filed by Movant. As of the date of this affidavit, the Chapter 13 plan has been confirmed.

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2nd day of July, 2020.

Signature

Name: Tyler Crawford

Title: Contract Management Coordinator

PHH Mortgage Corporation

STATE OF Florida
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me by means of [✓] physical presence or [] online notarization, this 2nd day of July 2020 by Tyler Crawford as Contract Management Coordinator for PHH Mortgage Corporation, who is personally known to me or who has produced ———————— as identification.

Signature of Notary Public
Name of Notary Public: Evette Morales
Notary Commission Expiration Date: —
Personally Known: ✓
OR Produced Identification: —
Type of Identification Produced: —

Notary Public State of Florida
Evette Morales
My Commission GG 065432
Expires 01/24/2021

Exhibit 1

Post Petition Payment History

| Name: | JOSETTE M GARRETT | | | | | |
|---|---|---|---|---|---|---|
| BK Case Number: | 17-21500 | | | | | |
| Filing Date: | 6/2/2017 | | | | | |
| Post First Due: | 7/1/2017 | | | Completed By: | Veereshi | |
| Post-Petition Due | Date Received | Amount Received | Amount Applied | Suspense Application | Suspense Balance | Comments |
|  | 7/14/2017 | $ 2,270.94 |  | $ 2,270.94 | $ 2,270.94 |  |
| 7/1/2017 | 7/17/2017 |  | $ 2,270.94 | $ (2,270.94) | $ - |  |
|  | 8/16/2017 | $ 2,270.94 |  | $ 2,270.94 | $ 2,270.94 |  |
| 8/1/2017 | 8/17/2017 |  | $ 2,270.94 | $ (2,270.94) | $ - |  |
|  | 9/14/2017 | $ 2,270.94 |  | $ 2,270.94 | $ 2,270.94 |  |
| 9/1/2017 | 9/15/2017 |  | $ 2,270.94 | $ (2,270.94) | $ - |  |
|  | 10/13/2017 | $ 2,270.94 |  | $ 2,270.94 | $ 2,270.94 |  |
| 10/1/2017 | 10/17/2017 |  | $ 2,270.94 | $ (2,270.94) | $ - |  |
| 11/1/2017 | 11/14/2017 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 12/1/2017 | 12/14/2017 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 1/1/2018 | 1/12/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 2/1/2018 | 2/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 3/1/2018 | 3/9/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 4/1/2018 | 4/6/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 5/1/2018 | 5/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 6/1/2018 | 6/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 7/1/2018 | 7/20/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 8/1/2018 | 8/16/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |  |
| 9/1/2018 | 9/20/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |  |
| 10/1/2018 | 10/17/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |  |
| 11/1/2018 | 11/15/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |  |
| 12/1/2018 | 12/14/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |  |
|  | 1/24/2019 | $ 1,340.57 |  | $ 1,340.57 | $ 1,340.57 |  |
|  | 1/24/2019 | $ 142.75 |  | $ 142.75 | $ 1,483.32 |  |
|  | 1/25/2019 | $ 2,270.94 |  | $ 2,270.94 | $ 3,754.26 |  |
| 1/1/2019 | 1/28/2019 |  | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |  |
| 2/1/2019 | 3/5/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |  |
|  | 4/11/2019 | $ 4,641.84 |  | $ 4,641.84 | $ 6,075.18 |  |
| 3/1/2019 | 4/12/2019 |  | $ 2,320.92 | $ (2,320.92) | $ 3,754.26 |  |
| 4/1/2019 | 4/12/2019 |  | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |  |
| 5/1/2019 | 5/21/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |  |
| 6/1/2019 | 6/18/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |  |
|  | 8/12/2019 | $ 4,641.84 |  | $ 4,641.84 | $ 6,075.18 |  |
| 7/1/2019 | 11/26/2019 |  | $ 2,320.92 | $ (2,320.92) | $ 3,754.26 |  |
| 8/1/2019 | 11/26/2019 |  | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |  |

Post Due Payment History

| Name: | JOSETTE M GARRETT | | | | |
|---|---|---|---|---|---|
| BK Case Number: | 17-21500 | | | | |
| Filing Date: | 6/2/2017 | | | | |
| Completed by: | Veereshi | | | | |
| Due Date | Total Payment | Principal | Escrow | Optional Products | NOPC Filed Date |
| 9/1/2019 | $ 2,389.12 | $ 1,238.71 | $ 1,150.41 | $ - | 6/30/2019 |
| 10/1/2019 | $ 2,389.12 | $ 1,238.71 | $ 1,150.41 | $ - |  |
| 11/1/2019 | $ 2,389.12 | $ 1,238.71 | $ 1,150.41 | $ - |  |
| 12/1/2019 | $ 2,389.12 | $ 1,238.71 | $ 1,150.41 | $ - |  |
| 1/1/2020 | $ 2,389.12 | $ 1,238.71 | $ 1,150.41 | $ - |  |
| Total Due | $ 11,945.60 | $ 6,193.55 | $ 5,752.05 | $ - |  |

| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |

Caption in Compliance with D.N.J. LBR 9004-1(b)
**RAS Citron, LLC**
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707
Facsimile: 973-404-8886
Attorneys for Secured Creditor PHH MORTGAGE CORPORATION

In Re:

**Josette M. Garrett,**

    **Debtor,**

**Readus D. Garrett,**

    **Joint Debtor.**

Case No.: 17-21500-ABA

Chapter: 13

Hearing Date: <HEARING DATE>

Judge: Andrew B. Altenburg Jr.

## CERTIFICATION OF CREDITOR REGARDING POST PETITION PAYMENT HISTORY
### (NOTE AND MORTGAGE DATED AUGUST 27, 2007)

_____Tyler Crawford_____, employed as _____Contract Management Coordinator_____ by PHH MORTGAGE CORPORATION ("Movant"), hereby certifies the following:

Recorded on September 12, 2007, in Burlington County, in Book 11573 at Page 083

Property Address: 223 Swedesrun Drive, Delran, NJ 08075

Mortgage Holder: <u>PHH MORTGAGE CORPORATION</u>

Mortgagor(s)/ Debtor(s): __Josette M. Garrett and Readus D. Garrett__

POST-PETITION PAYMENTS (Petition filed on June 2, 2017)

| Post-Petition Due | Date Received | Amount Received | Amount Applied | Suspense Application | Suspense Balance |
|---|---|---|---|---|---|
| | 7/14/2017 | $ 2,270.94 | | $ 2,270.94 | $ 2,270.94 |
| 7/1/2017 | 7/17/2017 | | $ 2,270.94 | $ (2,270.94) | $ - |
| | 8/16/2017 | $ 2,270.94 | | $ 2,270.94 | $ 2,270.94 |
| 8/1/2017 | 8/17/2017 | | $ 2,270.94 | $ (2,270.94) | $ - |
| | 9/14/2017 | $ 2,270.94 | | $ 2,270.94 | $ 2,270.94 |
| 9/1/2017 | 9/15/2017 | | $ 2,270.94 | $ (2,270.94) | $ - |
| | 10/13/2017 | $ 2,270.94 | | $ 2,270.94 | $ 2,270.94 |
| 10/1/2017 | 10/17/2017 | | $ 2,270.94 | $ (2,270.94) | $ - |
| 11/1/2017 | 11/14/2017 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 12/1/2017 | 12/14/2017 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 1/1/2018 | 1/12/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 2/1/2018 | 2/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 3/1/2018 | 3/9/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 4/1/2018 | 4/6/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 5/1/2018 | 5/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 6/1/2018 | 6/14/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 7/1/2018 | 7/20/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 8/1/2018 | 8/16/2018 | $ 2,270.94 | $ 2,270.94 | $ - | $ - |
| 9/1/2018 | 9/20/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |
| 10/1/2018 | 10/12/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |
| 11/1/2018 | 11/15/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |
| 12/1/2018 | 12/14/2018 | $ 2,320.92 | $ 2,320.92 | $ - | $ - |
| | 1/24/2019 | $ 1,340.57 | | $ 1,340.57 | $ 1,340.57 |
| | 1/24/2019 | $ 142.75 | | $ 142.75 | $ 1,483.32 |
| | 1/25/2019 | $ 2,270.94 | | $ 2,270.94 | $ 3,754.26 |
| 1/1/2019 | 1/28/2019 | | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |
| 2/1/2019 | 3/5/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |
| | 4/11/2019 | $ 4,641.84 | | $ 4,641.84 | $ 6,075.18 |
| 3/1/2019 | 4/12/2019 | | $ 2,320.92 | $ (2,320.92) | $ 3,754.26 |
| 4/1/2019 | 4/12/2019 | | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |
| 5/1/2019 | 5/21/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |
| 6/1/2019 | 6/18/2019 | $ 2,320.92 | $ 2,320.92 | $ - | $ 1,433.34 |
| | 8/12/2019 | $ 4,641.84 | | $ 4,641.84 | $ 6,075.18 |
| 7/1/2019 | 11/26/2019 | | $ 2,320.92 | $ (2,320.92) | $ 3,754.26 |
| 8/1/2019 | 11/26/2019 | | $ 2,320.92 | $ (2,320.92) | $ 1,433.34 |

Monthly payments past due: 05 mos. x $2,389.12 – ($1,433.34) (Suspense Balance)

TOTAL DUE = $10,512.26 as of January 21, 2020

AS of January 21, 2020, each current monthly payment is comprised of:

| | |
|---|---|
| Principal | $ 1,238.71 |
| R.E. Taxes: | $ 1,150.41 |
| Insurance: | Included in RE Taxes |
| Late Charge: | $ 0.00 |
| Other: | $ 0.00 |
| TOTAL | $2,389.12 |

If the monthly payment has changed during the pendency of the case, please explain (attach separate sheet(s) if necessary): The monthly payment amount has changed due to changes in the monthly escrow amount.

Pre-petition arrears: $30,119.07

I certify under penalty of perjury that the above is true.

Date: 7/2/2020

Signature

Tyler Crawford  *rev.8/1/15*

Contract Management Coordinator

3



**MORTGAGE**

PHH Mortgage Services  
1 Mortgage Way  
Mt. Laurel NJ 08054

Tel 877-688-7116  
Fax 856-917-8003

# **IMPORTANT NOTICE**

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

- A copy of the payment history through the date the account was last less than 60 days past due.
- A copy of the note.
- If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.
- The name of the investor that holds the loan.

Requests for this information/documentation can be sent to us at the following address:

PHH Mortgage Services  
Mailstop SBRP  
PO Box 5469  
Mt. Laurel, NJ 08054

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.

# RIGHT TO FORECLOSE STATEMENT PAGE

**Case number:** 17-21500-ABA
**Debtor:** Josette M. Garrett
**Joint Debtor:** Readus D. Garrett

Basis for asserting that PHH MORTGAGE CORPORATION has the right to foreclose:

PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for Relief From the Automatic Stay for PHH MORTGAGE CORPORATION (hereinafter, "note holder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the note holder. The note holder has the right to foreclose because:

\_\_\_ Note holder is the owner of the note.

_X_ Note holder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Note holder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Note holder or has been duly endorsed.

\_\_\_Note holder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Note holder directly or through an agent, has possession of the promissory note and will enforce the promissory note as transferee in possession.

\_\_\_Note holder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Note holder is unable to find the promissory note and will seek to prove the promissory note through the filing of a lost note affidavit.

\_\_\_Note holder is the successor trustee and transferee in possession of the security instrument for the referenced loan.